UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AKAMAI TECHNOLOGIES, INC.,
Plaintiff,

v.

ART-IN INTERNET TECHNOLOGIES & ELECTRONIC COMMERCE LTD. and ART-IN HOSTING & SUPPORT SERVICES, LTD.,
Defendants.

CIVIL ACTION NO.
05-CV-10132-DPW

**AFFIDAVIT OF FREDERIC GRANT, JR. IN SUPPORT OF PLAINTIFF'S APPLICATION FOR DEFAULT**

I, Frederic D. Grant, Jr., being duly sworn, do hereby on oath state as follows:

1. As counsel to the plaintiff, I have personal knowledge of the matters set forth herein. I am over twenty-one years of age and understand the obligations and consequences of an oath.

2. On June 28, 2005, a week after the deadline for service of a response to the Amended Complaint in this action, I signed and filed the plaintiff's Application for Default of both defendants (the "Application"). Such Application, as with the Summons and Complaint, was served on both defendants by their Receiver, Aharon Ben Shahar, 2 Hashlosha Street, Tel Aviv 67060, Israel (the "Receiver").

3. The Application states "that the Summons and a copy of the Amended Complaint were served on each defendant on May 30, 2005 in hand in accordance with the provisions of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents and Israeli law in the person of the receiver in control of each defendant, as appears from the returns of service of record in this action."

4. The Receiver and the defendants, although served with the Application, have not responded to or contested the Application or the representations therein.

5. The Notice to the Court (the "Notice"), filed by the Receiver on June 10, 2005 [Docket No. 5], does not contest such representations.

6. The Notice says that the Receiver is not the legal counsel of the defendants and that the Receiver has not been legally authorized to accept the complaint, neither of which are bases for service contended by the plaintiff. The Receiver admits he is the receiver of both defendants, as he must. Notice, ¶ 1.

7. The Receiver does not contest <u>and has never contested</u> that service was duly made <u>on him</u>, not by separate authorization or by virtue of being attorney for the defendants. Service on the Receiver was proper under "Israeli law in the person of the receiver in control of each defendant," as represented by the plaintiff.

8. The Receiver simply avoids this dispositive point.

9. A further reason the Receiver cannot contest good service <u>on him</u> is that Aharon Ben Shahar is the <u>sole director</u> of Art-in Hosting & Support Services, Ltd. This is a material fact which should have been disclosed to this Court in the Notice, but it was omitted. A true and correct copy of an English language translation of the current Registrar's Report for Art-in Hosting & Support Services, Ltd., from the Companies Registrar of the Israel Ministry of Justice, is attached as Exhibit A (the Receiver is listed as sole director at the top of the second page).

10. Receivers of Israeli corporations have appeared in the United States District Courts for the subject corporations. <u>See</u> <u>Agrest v. Int'l Safe Distributors, Inc.</u>, 1986 WL 5109, *1, *7 (S.D.N.Y. 1986) (cross-motion for a preliminary injunction requiring the Israeli corporations in receivership to comply with contract terms).

11. The March 6, 2003 order of the District Court of Tel Aviv - Jaffa (Israel) appointing the Receiver (the "Order"), and the terms of the Unlimited Debenture in accordance with which the Receiver was appointed, vest the Receiver with broad power to act for and on behalf of these corporations, which are otherwise defunct. See Order, Protocol ("In fact what is now left in the Company is intellectual property."). A true and correct copy of an English language translation of the Order, and of excerpts from the Debenture, are attached as Exhibits B and C respectively.

12. It is accordingly my understanding and belief that good service of the Summons and Complaint was made on each defendant in the person of the receiver in control of each defendant, as appears from the returns of service of record in this action, and that default of the defendants is just and proper at this time.

Signed under the penalties of perjury at Boston, Massachusetts, this 11th day of July, 2005.

Frederic D. Grant, Jr.
BBO No. 543115
727 Atlantic Avenue, 2nd floor
Boston, Massachusetts 02111
(617) 357-6555

**EXHIBIT A**

[Symbol of the State of Israel] **The Companies Registrar**
**Ministry of Justice**

***BDi***
***Business Data Israel Ltd.***
***letterhead***

## Complete Registrar's Report

Company Information Former Names Share Capital Distribution Shareholders
Company Directors Amendments to Articles of Association Change in Status
Fees Debts Mortgages Summary of Data on Encumbrances

### Company Information

| | |
|---|---|
| **Company Number** | 51-278452-1 |
| **Name of Company** | Art In Support & Storage Services Ltd |
| **Type of Company** | Private company |
| **Type of Limitation** | Limited |
| **Legal Status** | Active |
| **Address of Company** | 28 Bezalel St, Ramat Gan 52521 |
| **C/o** | Art-In Internet Technologies & Electronic Trade Ltd |
| **Date of Registration** | 27.05.1999 |
| **Objectives of Corporation** | To engage in the types of engagements detailed in the articles |
| **Engagement** | To engage in every legal engagement |
| **Total Amount of Registered Capital** | NIS 29,400.00 |

### Previous Names

| Previous Name | Date of Change |
|---|---|
| Shaharit LeBinyamin Ltd | 02.05.2000 |

### Share Capital Distribution

| Number of Shares | Type of Share | Share Value | Quantity Issued to Shareholders |
|---|---|---|---|
| 29,400 | Ordinary | NIS 1.00 | 2,000 |

### Shareholders

| Company Number | Name | Address |
|---|---|---|
| 52-004425-6 | Art-In Internet Technologies & Electronic Trade Ltd | 8 Hakotzer St, Be'er-Sheva, P.O. Box 2306 |
| | 2,000 ordinary shares of NIS 1.00 | |

**Company Directors**

| I.D. Number | Name | Address | Date of Appointment | Function |
|---|---|---|---|---|
| 00-052100-7 | Ben Shahar Aharon | 2 Hashlosha St, Tel Aviv | 10.10.2002 | |

**Amendments to Articles of Association**

| Date of Decision | Date of Registration | Summary of Decision |
|---|---|---|
| 03.07.2000 | 25.02.2001 | Change of the Company's Objects |
| 02.05.2000 | 01.06.2000 | Change of the Company Name |

**Change in Status**

No Change in Status

**Fees Debt**

| | |
|---|---|
| Fees Debt for 2005 | NIS 1,242.00 |
| Fees Debt for 2004 | NIS 1,242.00 |
| Fees Debt for 2003 | NIS 1,242.00 |
| Fees Debt for 2000 | NIS 1,242.00 |
| Total Fees Debt | NIS 4,968.00 |

**Presentation of Encumbrances**

| Encumbrance No. | Creation Date | Registration Date | Secured amount | Discharge Date | Document Description |
|---|---|---|---|---|---|
| 1 | 23.05.2001 | 14.06.2001 | No limit | | |
| | **Property Description** | Floating charge over all assets and fixed and floating charge over rights from insurance of the assets | | | |
| | **Special Conditions** | Not to charge or transfer without the chargee's consent | | | |
| | **Name of Lender** | Industrial Development Bank of Israel Ltd | | | |
| | **Company Number** | 52-002192-4 | **Loan Amount** | | |

**Summary of Data on Encumbrances**

| | |
|---|---|
| **Number of Encumbrances Discharged** | 0 |
| **Number of Unlimited Encumbrances** | 1 |
| **Summary of Limited Encumbrances** | |

(*) Completed following an annual report

The summary record provided by the computer and the information included therein fails to constitute any alternative whatsoever to reading the company's file at the Company Registrar Office and fails to constitute any alternative whatsoever for information in the company register located in the Company Registrar Office, which is open for public examination.

Produced by BDI on 10.03.2005
Last updated in the Registrar's records on 18.11.2002

**EXHIBIT B**

[ TRANSLATION FROM HEBREW]

**THE COURTS**

**The District Court Of Tel Aviv-Jaffa** **BF 001975/02**

**Before: Her Honour Judge Varda Elshayach** **Date: 6th March 2003**

**In The Matter Of: The Companies Ordinance [New Version], 5734-1983** **the Ordinance**

1. **Art In Internet Technologies & Electro Trade**
2. **Art In Support & Storage Services Ltd** **the Companies**

**Present: Adv. Brenner, the Applicant's attorney**
**No appearance for the Company**

**PROTOCOL**

Adv. Brenner: The Company is in the process of a sale. In fact what is now left in the Company is intellectual property. To date, no dispute has arisen with regard to the sale.

**DECISION**

Having considered the application and its appendices;

I hereby appoint Adv. Ben Shachar as permanent receiver of the companies **Art In Internet Technologies & Electro Trade and Art In Support & Storage Services Ltd**.

His powers: to enforce the debenture, subject to the law and in accordance with the debenture conditions.

Assets shall not be realised without the Court's approval after obtaining the Company's position.

An initial report of his action shall be filed within 30 days and then every six months.

The undertaking that he deposited for the purpose of his previous appointments shall also be applied for the purpose of this appointment.

Awarded this 6th day of March 2003 in the presence of the parties.

(Signed)

Varda Elshayach, Judge

**EXHIBIT C**

[FREE TRANSLATION FROM HEBREW]

*[Letterhead of Industrial Development Bank of Israel Ltd]*

**UNLIMITED DEBENTURE**
**(Floating Charge)**

Made this 15th day of April 2001
pursuant to a resolution of the Company's board of directors of 29th March 2001

**By:** **Art In Internet Technologies & Electronic Trade Ltd**

(hereinafter referred to as "the Pledgor")

**In Favour Of:** **Industrial Development Bank of Israel Ltd**

(hereinafter referred to as "the Bank")

Whereas it has been agreed between the Bank and the Pledgor (hereinafter referred to as "the parties") that the Pledgor will secure all its present and future debts, liabilities, obligations and guarantees to the Bank, *inter alia* by creating charges in favour of the Bank over its assets as set out below in this debenture;

**Now therefore it is agreed and declared between the Bank and the Pledgor as follows:-**

.....................

14. (a) Should the Bank have called in for immediate repayment all or any of the secured amounts as provided in the introduction to the previous clause and the Pledgor not have paid the Bank immediately on its first demand the amounts that have been called in for immediate payment together with interest and expenses, or should the Bank have called in for immediate repayment all or any of the secured amounts in accordance with or by virtue of any other contract, agreement, debenture or instrument made in the past or future between the Bank and the Pledgor or made in the past or future by the Pledgor in favour of the Bank, and the Pledgor not have paid the Bank immediately on its first demand those amounts that have been called in for immediate repayment, together with interest and expenses or should the Pledgor have defaulted in the payment of any of the secured amounts (even if the Bank has not called in the secured amounts for immediate repayment), then the Bank may, in its discretion, take whatever measures it deems fit in order to realise and enforce the above-mentioned guarantees. Without prejudice to the generality of the aforegoing, the Bank may also itself appoint and/or apply for a competent Court and/or the Execution Office to appoint a receiver of the Pledgor's assets, and the Pledgor hereby approves and agrees in advance to any person or entity appointed and/or proposed by the Bank as such receiver as aforesaid. In the cases set out in the introduction to this paragraph (a), the Bank may also auction all or any of the Pledgor's assets and also apply for the Pledgor to be wound up. The Bank may in such cases also collect the secured

amounts and the interest thereon in any other way as it deems fit and beneficial in its discretion.

....................

15. Any receiver appointed as aforesaid under the debenture shall be deemed the Pledgor's attorney and may, *inter alia,* also undertake the following actions:

    (a) Take possession of the Pledgor's assets and operate or close the enterprise and also manage or participate in the management of the Pledgor's business, all as he deems fit in his discretion.

    (b) Sell or agree to the sale, letting or leasing of the Pledgor's assets or otherwise transfer them and also make any other arrangement in respect of the Pledgor's assets all as he deems fit in his discretion.

................

**As Witness The Hands Of The Parties The Date Above Written**

(Signed and Stamped) (Signed and Stamped)

__________________ __________________

The Pledgor The Bank

The Pledgor's address: 28 Betzalel, Ramat Gan
The Pledgor's Company No.: 52-0044256

I hereby certify that this debenture was signed in my presence on behalf of the Pledgor by Mr Alon Pupkin and Ms Rina Shemesh.

(Signed and Stamped)

____________________

Hemi Kassif, Adv.

[FREE TRANSLATION FROM HEBREW]

# UNLIMITED FURTHER DEBENTURE

Made this 27th day of December 2000

**By:** **Art In Internet Technologies & Electronic Trade Ltd**

(hereinafter referred to as "the Pledgor")

**In Favour Of:** **Industrial Development Bank of Israel Ltd**

(hereinafter referred to as "the Bank")

Whereas on 27th December 2000 the Pledgor made an unlimited debenture in favour of the Bank (hereinafter referred to as "the principal debenture"), pursuant whereto the Pledgor charged its property and assets in favour of the Bank and its successors as set out in the principal debenture;

And whereas it has been agreed between the Bank and the Pledgor (hereinafter referred to as "the parties") that the Pledgor will create further charges in favour of the Bank as set out below;

**Now therefore it is agreed and declared between the parties as follows: -**

....................

7. Any receiver appointed as aforesaid under the principal debenture shall be treated as the Pledgor's attorney and may, in addition to that provided in the principal debenture, also execute transactions in the above-mentioned account, exercise the rights in the above-mentioned account, collect from the above-mentioned account the above-mentioned funds and deposits, sell the above mentioned securities and do any of the other actions that the Bank has been authorized to do.

....................

**As Witness The Hands Of The Parties The Date Above Written**

(Signed and Stamped) (Signed and Stamped)

The Pledgor The Bank

I hereby certify that this further debenture was signed in my presence on behalf of the Pledgor by Mr Alon Pupkin and Ms Rina Shemesh.

(Signed and Stamped)

Hemi Kassif, Adv.

[FREE TRANSLATION FROM HEBREW]

*[Letterhead of Industrial Development Bank of Israel Ltd]*

**UNLIMITED DEBENTURE**

**(Floating Charge)**

Made this 23rd day of May 2001

**By:** **Art In Support Services & Storage Ltd**

(hereinafter referred to as "the Pledgor")

**In Favour Of:** **Industrial Development Bank of Israel Ltd**

(hereinafter referred to as "the Bank")

Whereas it has been agreed between the Bank and the Pledgor (hereinafter referred to as "the parties") that the Pledgor will secure all its present and future debts, liabilities, obligations and guarantees to the Bank, *inter alia* also by creating charges in favour of the Bank over its assets as set out below in this debenture;

**Now therefore it is agreed and declared between the Bank and the Pledgor as follows:-**

....................

14. (a) Should the Bank have called in for immediate repayment all or any of the secured amounts as provided in the introduction to the previous clause and the Pledgor not have paid the Bank immediately on its first demand the amounts that have been called in for immediate payment together with interest and expenses, or should the Bank have called in for immediate repayment all or any of the secured amounts in accordance with or by virtue of any other contract, agreement, debenture or instrument made in the past or future between the Bank and the Pledgor or made in the past or future by the Pledgor in favour of the Bank, and the Pledgor not have paid the Bank immediately on its first demand those amounts that have been called in for immediate repayment, together with interest and expenses or should the Pledgor have defaulted in the payment of any of the secured amounts (even if the Bank has not called in the secured amounts for immediate repayment), then the Bank may, in its discretion, take whatever measures it deems fit in order to realise and enforce the above-mentioned guarantees. Without prejudice to the generality of the aforegoing, the Bank may also itself appoint and/or apply for a competent Court and/or the Execution Office to appoint a receiver of the Pledgor's assets, and the Pledgor hereby approves and agrees in advance to any person or entity appointed and/or proposed by the Bank as such receiver

as aforesaid. In the cases set out in the introduction to this paragraph (a), the Bank may also auction all or any of the Pledgor's assets and also apply for the Pledgor to be wound up. The Bank may in such cases also collect the secured amounts and the interest thereon in any other way as it deems fit and beneficial in its discretion.

....................

15. Any receiver appointed as aforesaid under the debenture shall be deemed the Pledgor's attorney and may, *inter alia,* also undertake the following actions:

(a) Take possession of the Pledgor's assets and operate or close the enterprise and also manage or participate in the management of the Pledgor's business, all as he deems fit in his discretion.

(b) Sell or agree to the sale, letting or leasing of the Pledgor's assets or otherwise transfer them and also make any other arrangement in respect of the Pledgor's assets all as he deems fit in his discretion.

**As Witness The Hands Of The Parties The Date Above Written**

(Signed and Stamped)

__________________

The Pledgor

(Signed and Stamped)

__________________

The Bank

The Pledgor's address: Gibor Sport Building, 28 Betzalel Street , Ramat Gan
The Pledgor's Company No.: 51-2784521

I hereby certify that this debenture was signed in my presence on behalf of the Pledgor by Mr Alon Pupkin and Ms Rina Shemesh.

(Signed and Stamped)

__________________

Hemi Kassif, Adv.