UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

. . . . . . . . . . . . . . . . . . . .

AKAMAI TECHNOLOGIES, INC.,
          Plaintiff,

v.

ART-IN INTERNET TECHNOLOGIES
& ELECTRONIC COMMERCE LTD.
and ART-IN HOSTING & SUPPORT
SERVICES, LTD.,
          Defendants.

. . . . . . . . . . . . . . . . . . . .

.
.
.
.
.
.
.
.
.
.
.
.
.

CIVIL ACTION NO.
05-CV-10132-DPW

## MOTION FOR ENTRY OF DEFAULT JUDGMENT

Plaintiff Akamai Technologies, Inc. respectfully moves for assessment of damages and the entry of default judgment against the defendants Art-In Internet Technologies & Electronic Commerce Ltd. and Art-In Hosting & Support Services, Ltd. This action arises under the parties' Second Amended and Restated Akamai Services Reseller Agreement dated as of April 18, 2002 (the "Agreement") (as described in the Affidavit of Aaron S. Ahola, submitted herewith).

As grounds for the assessment of damages and entry of judgment against defendants, plaintiff states that defendants signed the Agreement, that plaintiff provided services to defendants under the Agreement, defendants failed to pay for these services, and the defendants are accordingly liable for the amounts set forth below under the terms of the Agreement.  Defendants were served with process, failed to respond, and were defaulted by this Court on July 19, 2005 upon plaintiff's June 28, 2005 Application for Default on notice to defendants.  This motion is supported by the affidavits of Aaron S. Ahola, Deputy General Counsel of plaintiff Akamai Technologies,

Inc. (the "Ahola Affidavit"), and the affidavit of counsel to the plaintiff (as to the propriety of entry of default judgment against these foreign corporations, ¶¶ 2-4 thereof, and the amount and reasonability of contractual attorneys fees).

The following sums are due under the Agreement:

A.    Defendants breached the Agreement, ¶ 8.3, by failing to pay $671,960.58 for services provided by Akamai.  Ahola Affidavit, ¶¶ 4 and 9.  Attached to the Ahola Affidavit as its Exhibit B (and to the Complaint as its Exhibit C) is a true and correct list of Akamai's invoices issued to defendants from February 2001 through March 2003, with a list of payments made.  The total unpaid balance of these invoices is $671,960.58.

B.    Defendants agreed to pay interest on unpaid invoices in Agreement, ¶ 8.3. As of January 20, 2005, the date this action was filed, prejudgment interest in the total amount of $360,869.87 had accrued on the principal sum of $671,960.58 at the rate of 1.5% per month.  Ahola Affidavit, ¶¶ 4 and 11.   (As disclosed in the Ahola Affidavit, ¶ 11, interest was calculated for each Exhibit B invoice from its due date through January 20, 2005, and then totaled.)

C.    As of July 31, 2005, as disclosed in the Ahola Affidavit, ¶ 12, postjudgment interest in the total amount of $61,969.83 had accrued on the amount due as of January 20, 2005, at the rate of 12% per annum.

D.    Under Agreement, ¶ 8.3, defendants are liable for plaintiff's reasonable and necessary attorneys' fees and expenses incurred in this action.  As detailed in the Affidavit of Frederic D. Grant, Jr., filed herewith, plaintiff has incurred reasonable attorneys' fees and expenses in the total amount of $10,746.15.

E.    Since the commencement of this action, plaintiff has received no payment on the obligations detailed in this affidavit.  Ahola Affidavit, ¶ 14.

Plaintiff Akamai Technologies, Inc. accordingly requests entry of default judgment against defendants Art-In Internet Technologies & Electronic Commerce Ltd. and Art-In Hosting & Support Services, Ltd. in the amounts detailed above.

AKAMAI TECHNOLOGIES, INC.

By its attorney,

Frederic D. Grant, Jr.
BBO No. 543115
727 Atlantic Avenue, 2nd floor
Boston, Massachusetts  02111
(617) 357-6555

Dated: August 18, 2005

## CERTIFICATE OF SERVICE

I, Frederic D. Grant, Jr., hereby certify that I served the foregoing document this 18th day of August, 2005 by causing a true and correct copy of same, with the supporting affidavits of Aaron S. Ahola and Frederic D. Grant, Jr. and the proposed form of Default Judgment, to be sent by First Class U.S. Mail, postage prepaid, to:

Art-In Internet Technologies & Electronic Commerce Ltd.
by its Receiver, Adv. Aharon Ben Shahar
Ben Shahar, Lekner & Co. Law Offices
2 Hashlosha Street
Tel Aviv 67060
Israel

Art-in Hosting & Support Services, Ltd.
by its Receiver, Adv. Aharon Ben Shahar
Ben Shahar, Lekner & Co. Law Offices
2 Hashlosha Street
Tel Aviv 67060
Israel

Frederic D. Grant, Jr.

- 3 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

. . . . . . . . . . . . . . . . . .

AKAMAI TECHNOLOGIES, INC.,
             Plaintiff,

v.

ART-IN INTERNET TECHNOLOGIES
& ELECTRONIC COMMERCE LTD.
and ART-IN HOSTING & SUPPORT
SERVICES, LTD.,
             Defendants.

CIVIL ACTION NO.
05-CV-10132-DPW

. . . . . . . . . . . . . . . . . .

## AFFIDAVIT OF AARON S. AHOLA

I, Aaron S. Ahola, being duly sworn, do hereby on oath state as follows:

1.     As Deputy General Counsel of Akamai Technologies, Inc. ("Akamai"),

plaintiff herein, I have personal knowledge of the matters set forth in this affidavit and

in the Amended Complaint (the "Complaint") filed in this action.  I am over twenty-one

years of age and understand the obligations and consequences of an oath.

2.     The defendants Art-In Internet Technologies & Electronic Commerce Ltd.

and Art-In Hosting & Support Services, Ltd. (the "Defendants") entered into a Second

Amended and Restated Akamai Services Reseller Agreement with Akamai dated as of

April 18, 2002 (the "Agreement").  A true and correct copy of the Agreement is attached

to the Complaint as its Exhibit A and is incorporated herein by reference.  (A duplicate

is not attached hereto simply due to its bulk.)

3.     Pursuant to the Agreement, Akamai provided services to the Defendants

for the purpose of the Defendants reselling these services on a non-exclusive basis to

third parties.  These services included Akamai's "FreeFlow," "EdgeScape," "FirstPoint,"

and "EdgeSuite" services. These services make it significantly faster for persons using the websites of Akamai's customers to access and navigate these websites.

4.     Section 8.3 of the Agreement states in part: "Amounts due hereunder are payable 90 (90) days from the date of invoice for resellers existing Akamai customers as are listed under Schedule H and sixty (60) days from the date of invoice for any new customers signed after the date of this contract ('Invoice Due Date'). Reseller agrees to pay a late charge of 1.5% for each month or part of the month (or the maximum lawful rate allowed by law, whichever is less) for all amounts not paid by the Invoice Due Date. . . . If Reseller fails to pay any fee, expense, tax or any sum due Akamai, Reseller shall pay on demand all reasonable expenses incurred by Akamai in collecting these sums, including reasonable legal fees."

5.     By letter dated February 18, 2003, Akamai terminated the Agreement pursuant to Section 11 of the Agreement. A true and correct copy of the February 18, 2003 letter is attached to this affidavit as its Exhibit A.

6.     The Agreement, § 14.7, states in part: "This Agreement shall be interpreted according to the laws of the Commonwealth of Massachusetts without regard to or application of choice-of-law rules or principles. Any action to enforce, arising out of, or relating in any way to, any of the provisions of this Agreement may be brought and prosecuted in the exclusive jurisdiction of either the state or federal courts located in the Commonwealth of Massachusetts as is provided by law; and the parties irrevocably consent to the personal and exclusive jurisdiction and venue of these courts located in the Commonwealth of Massachusetts and to service by registered mail, return receipt requested, or by other manner provided by law."

- 2 -

7.    The Agreement, § 14.6, states in part: "Reseller agrees, without objection, to the choice of law provision as set forth in Section 14.7 of this Agreement . . ."

8.    Akamai performed all of its obligations under the Agreement.

9.    The Defendants breached the Agreement by, <u>inter alia</u>, failing to pay in full the invoices issued pursuant to the Agreement. Attached to this affidavit as its Exhibit B (and to the Complaint as its Exhibit C) is a true and correct list of Akamai's invoices issued to the Defendants from February 2001 through March 2003, with a list of the corresponding payments. The total unpaid balance of these invoices is $671,960.58.

10.    Akamai has suffered damages as a result of Defendants' breaches of the Agreement. Akamai's damages include: (1) the principal sum of $671,960.58; (2) accruing interest as provided in the Agreement of 1.5% per month; and (3) Akamai's reasonable attorneys' fees, costs, and expenses as provided in the Agreement.

11.    As of January 20, 2005, the date this action was filed, interest in the total amount of $360,869.87 had accrued on the principal sum of $671,960.58 at the rate of 1.5% per month. (Interest was calculated for each Exhibit B invoice from its due date through January 20, 2005, and then totaled as disclosed in this paragraph.)

12.    As of July 31, 2005, interest in the total amount of $61,969.83 will have accrued on the amount due as of January 20, 2005, at the rate of 12% per annum.

13.    A detailed submission regarding plaintiff's attorneys' fees, costs, and expenses is being made by a separate affidavit, filed herewith.

14.    Since the commencement of this action, plaintiff has received no payment on the obligations detailed in this affidavit.

Signed under the pains and penalties of perjury.

Aaron S. Ahola, Esquire
Deputy General Counsel
Akamai Technologies, Inc.
8 Cambridge Center
Cambridge, Mass.  02142

SWORN TO BEFORE ME and subscribed in my presence this 26 th day of July 2005.

Notary Public

My commission expires:
9\5\2008

- 4 -

COMMONWEALTH OF MASSACHUSETTS

Middlesex _____ County, ss.

On this 26th day of ___July_____, 2005, before me, the undersigned notary public, personally appeared _Aaron Ahola_____, proved to me through satisfactory evidence of identification, being (check whichever applies): ☐ driver's license or other state or federal governmental document bearing a photographic image, ☐ oath or affirmation of a credible witness known to me who knows the above signatory, or ☒ my own personal knowledge of the identity of the signatory, to be the person whose name is signed above, and acknowledged the foregoing to be signed by him / her voluntarily for its stated purpose.

Joanne Linhares _____
Notary Public
My Commission Expires: __9-5-08_____
Print Notary Public's Name: Joanne Linhares
Qualified in the Commonwealth of Massachusetts



*EXHIBIT A*



February 18, 2003

Art-In Technologies & Electronic Commerce Ltd
15 Bezalel St.
Ramut-Gan 52521 ISRAEL
Fax: 011-972-3-6111712
Attn: Diego Schaiquevich
     Roy Segev

Ben-Shahar, Lekner & Co. Law Offices,
     as Temporary Receivers
2, Hashlosha St.
Tel-Aviv 67060 ISRAEL
Fax: 011-972-6883382-3
Attn: Lior Kwintner, Adv.
     Aharon Ben Shahar, Adv., Temporary Receiver

     Re:    Termination of Second Akamai Services Reseller Agreement dated as of April
18, 2002 ("Reseller Agreement")

Gentlemen:

    This letter is to inform you that, effective today, Akamai Technologies, Inc. is exercising
its right to terminate the Reseller Agreement pursuant to Section 11.2 and Section 11.2 of that
Agreement. We note that each of these grounds is itself a sufficient basis on which to terminate.

    Our decision to terminate the Reseller Agreement is a business necessity compelled by
Art-In's continued refusal to pay the substantial overdue amounts owed to us. We have worked
for several months now in good faith to try to resolve these issues but have received no
cooperation from Art-In or the Temporary Receiver.

    Art-In will be receiving a final invoice for amounts owed under the Reseller Agreement
shortly. Please remember that Akamai reserves the right to pursue any remedies available to us in
order to collect these amounts due in full.

            Sincerely,

            John Sconyers
            Senior Director Channel Sales

    cc:    Akamai General Counsel

**EXHIBIT B**

# Art-In Unpaid Invoice Summary

| Invoice Number | Inv Amount | Total Amount of Payments/Adjustments | Unpaid Balance |
|---|---|---|---|
| 1-8GGE3-2001011302 | 43,366.94 | | 43,366.94 |
| 1-8GGE3-20010214415 | 29,875.00 | 3,739.94 | 26,135.06 |
| 1-8GGR3-20010418737 | 38,198.36 | 33,527.84 | 4,670.52 |
| 1-8GGE3-20010521114 | 74,854.80 | 40,984.72 | 33,870.08 |
| 1-8GGE3-20010626217 | 86,639.20 | | 86,639.20 |
| 1-8GGE3-20010729032 | 119,500.00 | 21,421.00 | 98,079.00 |
| 1-8GGE3-20010832077 | 119,500.00 | 9,391.43 | 110,108.57 |
| 1-8GGE3-20010935221 | 59,353.73 | 45,895.91 | 13,457.82 |
| 11036446 | 15,476.90 | 13,237.19 | 2,239.71 |
| 11139678 | 11,282.77 | 5,430.90 | 5,851.87 |
| 11242255 | 28,519.81 | 28,244.81 | 275.00 |
| 20144288 | 34,340.17 | 25,821.34 | 8,518.83 |
| 20348259 | 24,748.70 | 23,097.70 | 1,651.00 |
| 20551885 | 32,328.89 | 21,969.20 | 10,359.69 |
| 20653672 | 23,186.70 | 21,101.70 | 2,085.00 |
| 20755436 | 39,108.42 | 39,063.42 | 45.00 |
| 20857234 | 28,897.44 | 28,857.44 | 40.00 |
| 20959071 | 49,992.99 | 10,710.14 | 39,282.85 |
| 21060849 | 36,441.56 | | 36,441.56 |
| 21162636 | 35,121.73 | | 35,121.73 |
| 21264396 | 45,756.07 | | 45,756.07 |
| 30166128 | 36,498.82 | | 36,498.82 |
| 30268918 | 31,466.26 | | 31,466.26 |
| | 1,044,455.26 | 372,494.68 | 671,960.58 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

. . . . . . . . . . . . . . . . . . . . .
                                        .
AKAMAI TECHNOLOGIES, INC.,              .
                    Plaintiff,          .        CIVIL ACTION NO.
                                        .        05-CV-10132-DPW
v.                                      .
                                        .
ART-IN INTERNET TECHNOLOGIES            .
& ELECTRONIC COMMERCE LTD.              .
and ART-IN HOSTING & SUPPORT            .
SERVICES, LTD.,                         .
                    Defendants.         .
                                        .
. . . . . . . . . . . . . . . . . . . . .

**AFFIDAVIT OF FREDERIC GRANT, JR. IN SUPPORT
OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**

I, Frederic D. Grant, Jr., being duly sworn, do hereby on oath state as follows:

1.      As counsel to the plaintiff, I have personal knowledge of the matters set
forth herein.  I am over twenty-one years of age and understand the obligations and
consequences of an oath.

2.      The defendant Art-in Internet Technologies & Electronic Commerce Ltd. is
not a person in military service as defined in Article I of the Soldiers and Sailors Civil
Relief Act of 1940, as amended.  This defendant is neither an infant nor an incompetent
person.  Pursuant to Fed. R. Civ. P. 55(b), the facts on which this statement is based are:
(a) this defendant is a corporation and is therefore ineligible for military service; and (b)
it is a foreign corporation, organized under the laws of the State of Israel.

3.      The defendant Art-in Hosting & Support Services, Ltd. is not a person in
military service as defined in Article I of the Soldiers and Sailors Civil Relief Act of 1940,
as amended.  This defendant is neither an infant nor an incompetent person.  Pursuant
to Fed.. R. Civ. P. 55(b), the facts on which this statement is based are: (a) this defendant

is a corporation and is therefore ineligible for military service; and (b) it is a foreign corporation, organized under the laws of the State of Israel.

4.    Further information regarding these corporate entities is set out in my Affidavit of Frederic D. Grant, Jr. in Support of Plaintiff's Application for Default, dated and filed in this action on July 11, 2005.

5.    Defendants are liable for plaintiff's reasonable and necessary attorneys' fees and expenses incurred in this action in the total amount of $10,746.15.  Affidavit of Aaron S. Ahola, ¶ 4 (Agreement, ¶ 8.3).  The attorneys' fees incurred in this action are $10,230.00 (37.2 hours at $275.00 per hour), and expenses are $516.15.  Attorneys' fees incurred are detailed as follows (*including a final italicized estimated time entry for a court appearance*), and the expenses are detailed in paragraph 6 below:

November 23, 2004: 2.3 hours
     Telephone conference with George B. Hofmann, Esquire regarding the action against Art-In and service issues; legal research at the Social Law Library regarding effective service on an Israeli corporation; internet research regarding companies which will make service in Israel under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

December 7, 2004: 0.2 hours
     Telephone conference with Aaron S. Ahola, Esquire regarding preparation of the Complaint against Art-In Internet Technologies & Electronic Commerce Ltd. and service of process issues.

December 15, 2004: 0.1 hours
     Exchange e-mail notes with George B. Hofmann, Esquire regarding drafting the complaint.

January 6, 2005: 0.1 hours
     Exchange e-mail notes and telephone conference with George B. Hofmann, Esquire regarding the draft complaint and service of process.

January 14, 2005: 1.0 hours
     Review the draft Complaint and Jury Demand against defendant Art-In Internet Technologies & Electronic Commerce Ltd., and related papers, received from George B. Hofmann, Esquire; leave voice mail message for and e-mail note to

- 2 -

George Hofmann regarding same; review e-mail notes exchanged between George Hofmann and client regarding the draft complaint

January 19, 2005: 0.8 hours
Receive voice mail message from George B. Hofmann, Esquire regarding filing the Complaint and Jury Demand against defendant Art-In Internet Technologies & Electronic Commerce Ltd.; organize same for filing, including downloading and completing the Civil Action Cover Sheet and Category Sheet, reviewing the filing rules and assembling the exhibits; e-mail a .pdf copy of the filing package to George Hofmann for final approval; review e-mail note from George Hofmann regarding same (okay).

January 20, 2005: 2.0 hours
Check the U.S. District Court website regarding filing details; telephone conference with the Clerk's Office regarding same (fee increase not yet in effect); to the U.S. District Court to file the Complaint and Jury Demand, and confer with the Court regarding service under the Hague Convention; letter transmitting copies of the filed Complaint to client and counsel; review materials and e-mail notes to two companies which may be able to make Hague Convention service in Israel; e-mail notes to George B. Hofmann, Esquire regarding same and filing today.

January 21, 2005: 0.2 hours
Review e-mail note from and exchange e-mail notes with George B. Hofmann, Esquire regarding the Complaint filed yesterday and service of process.

January 24, 2005: 0.2 hours
Review and respond to e-mail note from Process Service Network regarding service of the Summons and the Complaint in Israel; e-mail note to George B. Hofmann, Esquire regarding same.

January 27, 2005: 0.2 hours
Telephone conference with George B. Hofmann, Esquire regarding case status and service.

January 28, 2005: 0.1 hours
Calendar the Fed. R. Civ. P. 4(m) 120 day service deadline (5/20/05); e-mail note to George B. Hofmann, Esquire regarding same and the case docket sheet.

March 15, 2005: 0.2 hours
Telephone conference with George B. Hofmann, Esquire regarding case status and service of the complaint.

March 17, 2005: 0.4 hours
Exchange e-mail notes with George B. Hofmann, Esquire regarding an Amended Complaint and service of process; telephone conference with George Hofmann, Esquire regarding same.

March 18, 2005: 0.2 hours
>Review e-mail notes from George B. Hofmann, Esquire regarding the Amended Complaint; telephone conference with George Hofmann, Esquire regarding same; exchange e-mail notes with George Hofmann regarding filing and service.

March 23, 2005: 0.7 hours
>Review e-mail note from Rick Stevens, Esquire regarding the amended complaint, and e-mail notes from George B. Hofmann, Esquire with a revised draft First Amended Complaint and Jury Demand; review the draft and e-mail note to client and counsel regarding further revisions; telephone conference with George Hofmann regarding final revisions to and the filing of the First Amended Complaint and Jury Demand; e-mail note to client and counsel regarding same (absent further comment by Noon tomorrow, the First Amended Complaint will be filed tomorrow with the revisions as discussed).

March 24, 2005: 1.4 hours
>Review and revise the First Amended Complaint and Jury Demand; e-mail text and redlined versions of same to George B. Hofmann, Esquire for review; attention to the electronic filing of same; review materials on service requirements of the Central Authority in Jerusalem; review the electronic filing receipt and e-mail same to George Hofmann; telephone conference with George Hofmann regarding status.

March 25, 2005: 0.1 hours
>E-mail note to George B. Hofmann, Esquire regarding service issues.

March 28, 2005: 0.4 hours
>Review materials on service requirements of the Central Authority in Jerusalem; e-mail note to process server regarding service details.

March 29, 2005: 3.0 hours
>Attempt to reach Ms. Anat Agami of the Central Authority (Office of the Israeli Director of Courts in Jerusalem); exchange e-mail notes and telephone conference with process server regarding Hague Convention service through the Central Authority in Jerusalem; prepare a Power of Attorney form (required by the Central Authority in Jerusalem), and e-mail same with a note to client; complete Hague Convention forms; to the U.S. District Court in Boston and confer with various clerks regarding Hague Convention service (different forms, issued by the U.S. Marshall's Office, must be used (seems possible to get papers issued to me by the Clerk's Office but will not happen today); leave voice mail messages for and e-mail note to Michelle Rynne, Clerk to Judge Woodlock, regarding the forms and procedure.

March 30, 2005: 0.2 hours
>E-mail note to client regarding progress obtaining service papers from the U.S. District Court in Boston, and the Power of Attorney required by the Israel

Central Authority (Office of the Israeli Director of Courts in Jerusalem); review and respond to e-mail note from Rick Stevens, Esquire regarding same.

March 31, 2005: 2.0 hours
Telephone conference with Michelle Rynne, Clerk to Judge Woodlock, regarding issuance of the papers required by the Israel Central Authority (Office of the Israeli Director of Courts in Jerusalem); exchange voice mail messages and telephone conference with Rick Stevens, Esquire regarding the Limited Power of Attorney from Akamai, required by the Israel Central Authority (being sent by FedEx); review fax copy of same, received from client; complete papers required to be issued by the Office of the Clerk of the U.S. District Court; e-mail same with a note to Michelle Rynne, Clerk to Judge Woodlock.

April 1, 2005: 2.8 hours
Attempt to reach and leave voice mail message for Michelle Rynne, Clerk to Judge Woodlock, regarding issuance of the Request for Service Abroad of Judicial or Extrajudicial Documents; review the original Limited Power of Attorney, received by FedEx from client this morning; review e-mail note from Michelle Rynne regarding release of the necessary papers; to the U.S. District Court, confer with the Clerk, and obtain the signed and sealed Request for Service Abroad of Judicial or Extrajudicial Documents, additional Summonses (new defendant), and certified copies of the First Amended Complaint required for service; prepare instruction and transmittal letter to the Israel Central Authority (Office of the Israeli Director of Courts in Jerusalem); attention to sending same by FedEx.

April 5, 2005: 0.1 hours
E-mail note to client regarding the transmittal to the Israel Central Authority (Office of the Israeli Director of Courts in Jerusalem).

April 20, 2005: 0.2 hours
Exchange voice mail messages with George B. Hofmann, Esquire regarding service of process status; e-mail note to George Hofmann regarding same.

April 21, 2005: 0.1 hours
Review e-mail notes from George B. Hofmann, Esquire and client regarding service of process status.

May 1, 2005: 0.1 hours
Review e-mail note from client regarding the status of service efforts by the Israel Central Authority (Office of the Israeli Director of Courts in Jerusalem).

May 5, 2005: 0.1 hours
Review e-mail note from George B. Hofmann, Esquire regarding service status.

May 11, 2005: 0.1 hours
Review e-mail note from client regarding the status of service efforts by the Israel

Central Authority (Office of the Israeli Director of Courts in Jerusalem) (they have still not received confirmation of service on the receiver).

May 17, 2005: 0.1 hours
Exchange e-mail notes with George B. Hofmann, Esquire regarding the status of service efforts by the Israel Central Authority (Office of the Israeli Director of Courts in Jerusalem) (still not complete).

May 19, 2005: 0.3 hours
Review Fed. R. Civ. P. 4(m) (the 120 day service deadline does not apply to Hague Convention service abroad under Rule 4(f)); attempt to reach and leave voice mail message for Michelle Rynne, Clerk to Judge Woodlock, regarding same and making sure our case is noted as excepted from Rule 4(m); e-mail note to Michelle Rynne regarding same.

May 25, 2005: 2.3 hours
Telephone conference with George B. Hofmann, Esquire regarding problems with service of process (no postal receipt cards have been returned for either of two mailings by the Israel Director of Courts), and the need to arrange in hand service on the Receiver in Tel Aviv under the auspices of the Israel Director of Courts; review e-mail note from process server regarding service details; to the U.S. District Court and obtain six new Summonses and six certified copies of the Amended Complaint, for in hand service; prepare and send instruction transmittal letter to Emron Legal Services Ltd. in Tel Aviv.

May 26, 2005: 0.1 hours
Telephone conference with FedEx regarding the package to Emron Legal Services Ltd.

May 31, 2005: 0.1 hours
Review e-mail note from process server reporting that in hand service on the receiver was completed under the direction of the Israel Director of Courts and that proof of service is being returned for filing with the Court.

June 1, 2005: 0.6 hours
Review copy of Notice to Court, sent to the United States District Court in Boston, received by FedEx from Aharon Ben-Shahar, receiver to the defendants (contending he is not legally authorized to accept service of the Complaint); review authorities regarding same.

June 3, 2005: 0.4 hours
Review sealed package addressed to the United States District Court in Boston, received from the Israel Director of Courts (also received originals of papers attempted to be served without success); telephone conference with Michelle Rynne, Clerk to Judge Woodlock, regarding service status and procedure for filing a sealed package (electronic filing is mandatory but to do so would require opening a package addressed to the Court from the Israel Director of Courts)

(package should be filed by hand); letter filing the sealed package with the Court.

June 7, 2005: 1.5 hours
Review electronic notice of the docketing of one return of service, and the response of the receiver; download and review same; calendar the defendants' response deadline (M6/20/05); legal research at the Social Law Library, including conferences with the head of reference and Westlaw computer legal research, regarding English language sources with which to show that service of process on an Israeli corporation through its duly appointed receiver was proper.

June 10, 2005: 0.1 hours
Review proof that the defendant corporations were duly served through their receiver; receive voice mail message from and telephone conference with George B. Hofmann, Esquire regarding same.

June 11, 2005: 1.5 hours
Review materials on the adequacy of service on an Israel corporation made on its receiver.

June 13, 2005: 0.2 hours
Review electronic notice of the docketing of the second return of service; exchange voice mail messages and telephone conference with the Harvard Law School Library regarding authorities regarding service of process on an Israel corporation made upon its legally appointed receiver.

June 14, 2005: 0.2 hours
Telephone conference with George B. Hofmann, Esquire regarding service issues and proof.

June 20, 2005: 0.2 hours
Review e-mail note from client with copies of translated documents to be used in support of an application to default the defendants.

June 28, 2005: 1.2 hours
Check the case docket sheet on PACER (no response has been filed since the 6/20/05 deadline); review file materials and default rules and draft an Application for Default; review rules and telephone conference with the Office of the Clerk regarding proper electronic filing of a default; attention to the electronic filing and to the mail service of the Application for Default of both defendants; e-mail note to client and counsel regarding same.

July 7, 2005: 0.7 hours
Receive voice mail message from Michelle Rynne, Clerk to Judge Woodlock, regarding default proof; review file materials regarding the adequacy of service on the Receiver; attempt to reach and leave voice mail message for Michelle Rynne regarding due service on the Receiver (who, among other things, is a director of one of the defendant corporations).

July 8, 2005: 0.1 hours
> Telephone conference with Michelle Rynne, Clerk to Judge Woodlock, regarding defaulting the Receiver; attempt to reach and leave voice mail message for George B. Hofmann, Esquire regarding my conversation with Clerk Rynne and submission of a service affidavit.

July 10, 2005: 0.1 hours
> E-mail note to the Harvard Law School Library regarding authorities concerning service of process.

July 11, 2005: 1.3 hours
> Review file and research materials and draft the Affidavit of Frederic D. Grant, Jr. in Support of Plaintiff's Application for Default; e-mail same with a note to George B. Hofmann, Esquire for review; telephone conference with George Hofmann regarding same; review e-mail notes from George Hofmann and Rick Stevens, Esquire regarding same (okay); attention to the electronic filing of the Affidavit; telephone conference with Michelle Rynne, Clerk to Judge Woodlock, regarding same; review electronic filing notice received from the Court; e-mail note to client and counsel regarding same.

July 20, 2005: 0.2 hours
> Review electronic notice that the defendants were defaulted; download and review the Notice of Default, and the Standing Order Regarding Motions for Default Judgment, as entered in the Art-In Case; e-mail same with a note to client and counsel.

July 22, 2005: 3.0 hours
> Review file materials and the default rules and draft the Affidavit of Frederic D. Grant, Jr. in support of plaintiff's motion for default judgment, and a client affidavit in support of plaintiff's motion for default judgment; attempt to reach and leave voice mail message for Rick Stevens, Esquire regarding same; leave voice mail message for and telephone conference with George B. Hofmann, Esquire regarding the client affidavit; e-mail the draft client affidavit to client and counsel with a note regarding damage assessment elements; leave voice mail message for and telephone conference with Aaron S. Ahola, Esquire regarding same.

July 24, 2005: 0.2 hours
> E-mail note to Aaron S. Ahola regarding assessment of damages and interest calculation.

July 25, 2005: 0.4 hours
> Telephone conference with George B. Hofmann, Esquire regarding the motion for entry of default judgment; review e-mail note from Aaron S. Ahola with interest calculations; revise the Affidavit of Aaron S. Ahola and send a .pdf copy of same (with exhibits) by e-mail to Aaron Ahola for his review and signature.

July 26, 2005: 0.3 hours
> Review e-mail note from Aaron S. Ahola regarding revising his affidavit; revise the Affidavit of Aaron S. Ahola and send a .pdf copy of same (with exhibits) by e-mail to Aaron Ahola for his review and signature.

July 27, 2005: 0.8 hours
> Review the executed Affidavit of Aaron S. Ahola, received from client; review file materials and prepare the Motion for Entry of Default Judgment and draft the form of Default Judgment.

August 18, 2005: 0.8 hours
> Complete the Motion for Entry of Default Judgment, the Affidavit of Frederic D. Grant, Jr. and the form of Default Judgment; attention to the filing and service of same and the Ahola Affidavit.

Hearing: 1.2 hours [*Estimated Time*]
> *Preparation for and appearance before the United States District Court for hearing on assessment of damages including travel to and from Court.*

6.    Defendants are liable, under Agreement, ¶ 8.3, for plaintiff's reasonable

and necessary expenses incurred in this action in the amount of $516.15:

> January 20, 2005: $150.00 (filing fee)
> April 1, 2005: $72.00 (Court certified copy fees)
> April 4, 2005: $83.55 (FedEx to Israel Director of Courts)
> May 25, 2005: $39.60 (copy charges)
> May 25, 2005: $54.00 (Court certified copy fees)
> May 25, 2005: $117.00 (service fee: Emron Legal Services, Ltd., Tel Aviv)

7.    The Attorneys' fees and expenses incurred in this action in the total

amount of $10,746.15 are reasonable and necessary in the opinion of affiant and this

Court should assess attorneys' fees and expenses in the amount requested.

Signed under the penalties of perjury at Boston, Massachusetts, this 18th day of August, 2005.

Frederic D. Grant, Jr.
 BBO No. 543115
727 Atlantic Avenue, 2nd floor
Boston, Massachusetts  02111
(617) 357-6555

- 9 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

. . . . . . . . . . . . . . . . .

AKAMAI TECHNOLOGIES, INC.,       .
             Plaintiff,               .            CIVIL ACTION NO.
                                    .            05-CV-10132-DPW

v.                                       .

ART-IN INTERNET TECHNOLOGIES    .
& ELECTRONIC COMMERCE LTD.      .
and ART-IN HOSTING & SUPPORT      .
SERVICES, LTD.,                    .
             Defendants.           .
                                      .

. . . . . . . . . . . . . . . . .

## DEFAULT JUDGMENT

      Defendants Art-In Internet Technologies & Electronic Commerce Ltd. and Art-In Hosting & Support Services, Ltd. having failed to plead or otherwise defend in this action and their defaults having been entered,

      Now, upon application of plaintiff and affidavits demonstrating that defendants owe plaintiff the sum of $671,960.58, that defendants are not infants or incompetent persons or in the military service of the United States, and that plaintiff has incurred attorneys' fees and expenses in the sum of $10,746.15,

      It is hereby ORDERED, ADJUDGED AND DECREED that plaintiff Akamai Technologies, Inc. recover from defendants Art-In Internet Technologies & Electronic Commerce Ltd. and Art-In Hosting & Support Services, Ltd. the principal amount of $671,960.58, with attorneys' fees and expenses in the amount of $10,746.15, and prejudgment contract interest at the rate of 1.5% per month from February 2001 through January 20, 2005 in the amount of $360,869.87, and postjudgment interest at the rate of 12% per annum through July 31, 2005 in the amount of $61,969.83 for a total judgment of $1,105,546.43 with interest as provided by law.

                        By the Court,

                        _____

Dated: